### STATE OF LOUISIANA v. JORDAN LEWIS.

*The act of March 11th, 1837, which points out the manner of proceeding against the parties to bail bonds in criminal cases, assumes that the bond is authentic, and thereby dispenses with proof of its execution.*

*The act itself directs judgment to be entered against the parties to such bonds in solido. Where the sheriff's certificate is silent as to the date when he received and accepted the bail bond given under this act, it will be presumed that such acceptance was after he had been authorized to do so by the committing magistrate.*

APPEAL from the District Court of the Parish of Caddo, *Jones*, J. *Morrison*, District Attorney, for the State.   *Roysdon* and *Spofford*, and *Buckner*, for defendant.   By the court:

Rost, J.   The appellants became the sureties of *Jordan Lewis*, on a bail bond given by him, to answer for a charge of larceny.   He failed to appear in court when called, and judgment was rendered against him and his sureties *in solido*, on motion of the attorney representing the State, as authorized by the act of 1837.   The sureties have appealed, and allege the following grounds of

error: 1st. That there is no legal evidence of the excution of the bond.  2d. That the bond is a joint obligation, and not an obligation *in solido.*  3d. That the bond was taken by the sheriff without previous authority from the committing magistrate, or any other competent officer, and is therefore null and void.

The two first grounds of error may be answered by a simple reference to the act of 1837, under which the bond was taken and the proceedings had in the court below.  It provides that, on the failure of the sureties to produce, instanter, in open court, the person of the defendant, when called upon to do so, on motion of the attorney representing the State, the court shall forthwith enter up judgment against the principal and securities *in solido,* for the full amount of the bond."

This law evidently assumes that the bond is authentic, and orders judgment to be entered upon it forthwith.  The authenticity of judicial bonds, after they are filed in court, had been previously recognized by the Supreme Court.  See 10 M. R. 180 and 197.  The bond proved itself, and the law, under which it was taken, fixes the nature of the liability of the sureties towards the State, by ordering judgment to be entered against them *in solido.*  *Slocmob* v. *Robert,* 6 L. R. 174.

On the 17th October, the committing magistrate authorized the sheriff to bail the accused, who was then in custody, upon his giving bond and security in the sum of $350.  And on the same day the sheriff certifies that the accused, having given bond, was released from custody.  The bond taken bears date the 14th October, 1851.  There is, on the back of it, a certificate of the sheriff that the bond had been accepted and received by him.  This is immediately followed by the approval of the bond, signed by the committing magistrate, which bears date the 17th October, 1851.  The certificate of the sheriff is without date, and we are bound to presume that he received and accepted the bond after he had been authorized by the committing magistrate to do so.  In accordance with that presumption, it is shown that he did not release the accused from custody till after that time.

We are of opinion, that the judgment must remain undisturbed.  It is ordered that the judgment be affirmed.